# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| ANTHONY BOYD, | ) |
|  | ) |
| Plaintiff | ) |
|  | ) |
|  | ) Civil Action No. 06-1596 (ESH) |
| v. | ) |
|  | ) |
| HARLEY LAPPIN, et al. | ) |
|  | ) |
| Defendants. | ) |
|  | ) |

## DEFENDANTS' MOTION TO DISMISS OR, IN THE ALTERNATIVE, TO TRANSFER VENUE

Defendants, Harley G. Lappin, Bureau of Prisons ("BOP") Director, Ronald G.

Thompson, South Central Regional Director, and C. Bickle, Disciplinary Hearing Officer,

Federal Correctional Institute (FCI) Three Rivers, Texas by and through undersigned counsel,

hereby respectfully move, pursuant to Fed. R. Civ. P. 12(b)(1), (2), (3), (5), and (6), for dismissal

of this action for lack of subject matter jurisdiction, in personam jurisdiction, improper venue,

insufficiency of service, and failure to state a claim upon which relief may be granted.[1]  In the

alternative, in the event that the Court determines not to dismiss this case, defendants move

pursuant to 28 U.S.C. §§ 1404(a), that the Court exercise its discretion to transfer venue to an

appropriate court.

*Pro se* plaintiff is hereby advised that failure to respond to a dispositive motion may

result in the district court granting the motion and dismissing the case.  See Fox v. Strickland,

---

[1] Any individually named defendants appear in their official capacities only.  They have not been served personally, so do not appear to be a party in their personal capacity at this time, and defendants should be deemed to preserve all defenses available to them, including insufficiency of service of process and immunity from suit.

837 F.3d 507, 509 (D.C. Cir. 1988).

In support of this motion, the Court is respectfully referred to the accompanying

Memorandum of Points and Authorities and to the entire record in this case.  A proposed Order

consistent with the relief sought herein is attached.

Respectfully submitted,

JEFFREY A. TAYLOR, D.C. BAR # 498610
United States Attorney

RUDOLPH CONTRERAS, D.C. BAR # 434122
Assistant United States Attorney

QUAN K. LUONG
Special Assistant United States Attorney
555 Fourth Street, N.W., Room E-4417
Washington, D.C. 20530
(202) 514-9150 (telephone)
(202) 514-8780 (facsimile)

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ANTHONY BOYD, | ) |
| | ) |
| Plaintiff | ) |
| | ) |
| | ) |
| | ) Civil Action No. 06-1596 (ESH) |
| v. | ) |
| | ) |
| HARLEY LAPPIN, et al. | ) |
| | ) |
| Defendants. | ) |
| | ) |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT
OF DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S COMPLAINT, OR
IN THE ALTERNATIVE, TO TRANSFER VENUE**

**I.    Introduction**

Defendants hereby submit this memorandum of law in support of their motion, pursuant to Fed. R. Civ. P. 12(b)(1), (2), (3), (5), and (6).  For the reasons set forth below, the defendants respectfully request that the Court dismiss this matter in its entirety.

**II.    Background**

Plaintiff, *pro se* in this action, is federal inmate Anthony Boyd, Reg. No. 42603-054.  Mr. Boyd is currently confined at the United States Penitentiary (USP), Jonesville, VA, where he is serving a term of imprisonment of 135 months, to be followed by three years of supervised release, for three counts of armed bank robbery in violation of 18 U.S.C. § 2113(a), and one count of interference with commerce by threats or violence in violation of 18 U.S.C. § 1951.  See Public Information Inmate Data.  His projected release date, via good conduct time release, is January 16, 2009.  Id.

1

On August 28, 2004, while incarcerated at the Federal Correctional Institute ("FCI") in Three Rivers, Texas, plaintiff was placed into hand restraints after threatening a prison compound officer. After he was placed into these restraints, the plaintiff then struck another officer with his shoulder. While being escorted to the Special Housing Unit, plaintiff repeatedly resisted efforts to control him by lunging forward and backwards and striking the same officer with his shoulder. Plaintiff also attempted to kick the officer and made repeated verbal threats of violence. An incident report was prepared on that same date. Two other correctional officers who witnessed the misconduct provided corroborating witness statements. Sweaney Decl., Attachment E.

On September 16, 2004, a hearing was held before Disciplinary Hearing Officer (DHO) Bickle. Plaintiff was charged with: (1) assault in violation of Code 224; (2) threatening another with bodily harm in violation of Code 203; and (3) insolence in violation of Code 312. On October 6, 2004, DHO Bickle determined that the greater weight of the evidence demonstrated that the plaintiff was guilty of the charges against him. DHO Bickle imposed various sanctions upon the plaintiff, including disciplinary segregation and disallowance/forfeiture of good conduct time. Sweaney Decl., Attachment E.

Plaintiff maintains that he did not receive the DHO report until March 7, 2005. Sweaney Decl., Attachment A. On April 11, 2005, the Southeast Regional Administrative Office in Dallas, Texas received the plaintiff's appeal of the DHO report. Sweaney Decl., Attachment B. In his appeal, plaintiff advised that in February, 2005, he was tried in federal court for violating Title 18 U.S.C. 111, assaulting a federal officer, and that he was acquitted of the charge. Sweaney Decl., Attachment A. Plaintiff argued, without explanation, that the hearing conducted

2

by DHO Bickle was unconstitutional, in violation of the Fifth Amendment "due process" clause. Id. On May 22, 2005, the plaintiff's appeal was denied. Sweaney Decl., Attachment B. In pertinent part, the Southeast Regional Office noted the plaintiff's claim that he was acquitted of the same incident in federal court, however, it advised that the DHO had sufficient evidence to find the plaintiff guilty of the prohibited acts. Id.

On June 16, 2005, plaintiff filed a Central Office Administrative Remedy Appeal with BOP's Office of General Counsel. Sweaney Decl., Attachment C. Plaintiff repeated the same allegations that he made in his regional appeal. Id. On August 18, 2005, Administrator, National Inmate Appeals Harrell Watts again denied the appeal. Id. Administrator Watts concluded that the greater weight of the evidence supported the DHO's decision. Id. He advised the plaintiff that the results of the plaintiff's criminal prosecution has no bearing on the inmate discipline process. Id. He explained that these two processes are separate and distinct jurisdictions for which different evidentiary standards apply. Id. He also explained that the plaintiff was afforded all due process rights associated with the inmate discipline process.

Plaintiff filed the instant *Bivens*[2] complaint on September 14, 2006. Compl. at 1. Though plaintiff's two page complaint is sparse, he appears to be alleging that his Fifth Amendment due process rights were violated when he was disciplined by prison officials for conduct for which he was later acquitted in federal court. Compl. at 1. Plaintiff names as defendants Harley Lappin, Director, Bureau of Prisons, Ronald G. Thompson, South Central Regional Director, and C. Bickle, Disciplinary Hearing Officer, FCI Three Rivers, Texas. Id. As relief, plaintiff requests restoration of good conduct time, compensatory damages in the amount

---

[2] Bivens v. Six Unknown Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971).

3

of $1,000,000.00 from defendants Lappin and Thompson, and $100,000.00 from defendant Bickle. Compl. at 2.

### III.    Argument

#### A.    Sovereign Immunity Bars Any Constitutional Claims Against BOP And The Individual Defendants In Their Official Capacities – Fed. R. Civ. P. 12(b)(1)

To the extent that plaintiff seeks damages for alleged constitutional violations against the individual defendants in their official capacities or the BOP, these claims must be dismissed absent a waiver of sovereign immunity. Meyer v. Reno, 911 F. Supp. 11 (D.D.C. 1996); Marshall v. Reno, 915 F. Supp. 426 (D.D.C. 1996); Deutsch v. U.S. Dept. of Justice, 881 F. Supp. 49, 55 (D.D.C. 1995). The inherent sovereign immunity of the United States protects it and its agencies from suit absent express waiver. See United States v. Nordic Village, 503 U.S. 30 (1992). Sovereign immunity also bars suits for money damages against officials in their official capacities for nondiscretionary acts absent a specific waiver by the government. Clark v. Library of Congress, 750 F.2d 89, 101-02 (D.C. Cir. 1984). Plaintiff's complaint does not contain any colorable basis for such a waiver.[3] Therefore, to the extent plaintiff asserts claims for damages against either the individual defendants in their official capacities and the BOP as an agency, such claims must be dismissed for lack of subject matter jurisdiction.

---

[3] When a plaintiff seeks monetary relief in tort against a department of the United States, the only possible basis for relief would be under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 1346(b). Plaintiff does not assert that he has exhausted necessary administrative remedies under the FTCA, which is a prerequisite to bringing an FTCA claim. GAF Corp. v. United States, 818 F.2d 901, 904-05 & n.6 (D.C. Cir. 1987). Regardless, the United States has not waived sovereign immunity for constitutional torts. See Clark v. Library of Congress, 750 F.2d 89, 102-04 (D.C.Cir.1984).

**B.    This Court Has No Personal Jurisdiction – Fed. R. Civ. P. 12(b)(2)**

Plaintiff has not shown that any of the individual defendants named in this lawsuit are

residents of the District of Columbia.  Therefore, there is no in personam jurisdiction.

### 1.  Plaintiff's burden

It is the plaintiff who bears the burden of pleading the facts necessary to substantiate in

personam jurisdiction in this Court.  Kernan v. Kurz-Hastings, Inc., 175 F.3d 236, 240 (2d Cir.

1999).  As explained by this Court in Edmond v. U.S. Postal Service, 727 F. Supp. 7, 10

(D. D.C. 1989), aff'd in part and rev'd in part on other grounds, 949 F.2d 415 (D. C. Cir. 1991):

> A plaintiff in district court must plead essential jurisdictional facts and must carry
> throughout the litigation the burden of showing that he is properly in court.  "If his
> allegations of jurisdictional facts are challenged by his adversary in any
> appropriate manner, he must support them by competent proof.  And where they
> are not so challenged the court may still insist that the jurisdictional facts be
> established or the case be dismissed, and for that purpose the court may demand
> that the party alleging jurisdiction justify his allegations by a preponderance of
> evidence."  McNutt v. General Motors Acceptance Corp., 298 U.S. 178, 189
> (1936).

Plaintiff has failed and cannot meet his burden to establish such necessary facts.  All defendants

are moving for their dismissal from this lawsuit based upon lack of in personam jurisdiction,

pursuant to Fed. R. Civ. P. 12(b)(2).

### 2.  D.C. Code §13-423, the "Long Arm" statute

*In personam* jurisdiction may be maintained by the United States District Court for the

District of Columbia only if permitted by the "long arm" laws of the District of Columbia.  Crane

v. Carr, 814 F. 2d 758, 762 (D.C. Cir. 1987).  The District of Columbia exercises personal

jurisdiction based upon the  D.C. Code's "long arm" statute at D.C. Code §13-423 (2000), which

states in relevant part:

(a) A District of Columbia court may exercise personal jurisdiction over a person, who acts directly or by an agent, as to a claim for relief arising from the person's--

(1) transacting any business in the District of Columbia;
(2) contracting to supply services in the District of Columbia;
(3) causing tortuous injury in the District of Columbia by an act or omission in the District of Columbia;
(4) causing tortuous injury in the District of Columbia by an act or omission outside the District of Columbia if he regularly does or solicits business, engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed, or services rendered, in the District of Columbia;
(5) having an interest in, using, or possessing real property in the District of Columbia;
(6) contracting to insure or act as surety . . . ; or
(7) marital or parent and child relationship. . . .

(b) When jurisdiction over a person is based solely upon this section, only a claim for relief arising from acts enumerated in this section may be asserted against him.

In the instant case, plaintiff's pleading does not establish proper *in personam* jurisdiction in the United States District Court for the District of Columbia under § 13-423. Crane at 762. First, it is undisputed that defendants Bickle and Thompson, respectively, are employed at the FCI in Three Rivers, TX and at the BOP's Southeast Regional Office in Dallas, TX.[4] See also Docket Entry 8. Plaintiff does not allege, let alone demonstrate, that any defendants are residents of the District of Columbia. Moreover, the plaintiff does not allege that any of these above referenced defendants transacted any business or contracted to supply services in the District of Columbia, nor have they caused any tortuous injury in the District of Columbia. Moreover, *in personam* jurisdiction cannot be predicated on the provisions of the sections (a)(3) and (4) of the

_____

[4] Although Director Lappin can be found in this District, plaintiff makes no specific allegations against him and individual liability cannot be premised on a theory of respondeat superior. Marshall v. Reno, 915 F.Supp. 426, 430 (D.D.C. 1996).

"long arm" statute because the plaintiff does not and cannot claim that the federal employees at the federal prison where he was housed outside the District caused him tortious injury within the District of Columbia. The injuries about which plaintiff complains occurred at the FCI in Three Rivers, TX and he alleges no facts to establish that he suffered any injury in the District of Columbia. See Farmer v. Moritsugu, 163 F.3d 610 (D.C. Cir. 1998) (local medical staff treating in BOP institutions outside D.C. not subject to personal jurisdiction); Meyer v. Federal Bureau of Prisons, 940 F. Supp. 9 (D. D.C. 1996) (No personal jurisdiction over Bureau of Prisons case manager working in Rochester, Minnesota, sued in D.C. in individual capacity by inmate based upon claimed inaccuracy of prison records). There is no *act* or *injury* alleged to have been accomplished within the District of Columbia by any of these defendants. Any injury to plaintiff necessarily took place outside the District of Columbia, since he was never housed here and all allegations in this action pertain to his incarceration in Texas. Therefore, this Court lacks personal jurisdiction over the above named defendants for activities taking place outside the District of Columbia.

### 3. In personam jurisdiction requires "minimum contacts"

In order for the District Court for the District of Columbia to have personal jurisdiction over a non-resident defendant, jurisdiction must be proper under both the District of Columbia long-arm statute and consistent with the demands of due process. United States v. Ferrara, 54 F.3d 825, 828 (D.C. Cir. 1995); Crane v. Carr, 814 F.2d 758, 762 (D.C. Cir. 1987). "Since the District of Columbia's long-arm statute has been held to extend as far as the Due Process Clause allows, Mouzavires v. Baxter, 434 A.2d 988 (D.C. 1981) (en banc), cert. denied, 455 U.S. 1006 (1982), personal jurisdiction exists when the defendant has purposely established minimum

contacts with the forum state and when the exercise of jurisdiction comports with 'traditional notions of fair play and substantial justice.' Asahi Metal Indus. Co. v. Superior Court of Cal., 480 U.S. 102 (1987)." Wiggins v. Equifax Inc., 853 F. Supp. 500 (D. D.C. 1994). "Plaintiff's claim for relief must arise from the defendants' contacts with the District of Columbia and his 'claims must bear some relation to the acts in the District that are relied upon to confer personal jurisdiction.' [D.C. Code] § 13-423(b). Bayles v. K-Mart Corp., 636 F. Supp. 852, 854 (D.D.C. 1986)." Id. at 502.

The burden is again on the plaintiff to establish that this Court can exercise personal jurisdiction over defendants consistent with the Due Process Clause. Blumenthal v. Drudge, 992 F. Supp. 44, 53 (D. D.C. 1998). Plaintiff in this case has wholly failed to allege such facts, and the allegations against all these defendants do not establish "minimum contacts" necessary to confer personal jurisdiction upon the District Court for the District of Columbia. The mere fact that defendants are employees of the BOP and the Central Office of that agency happens to be in Washington, D.C., is insufficient to establish the requisite "minimum contacts" with the District of Columbia. Cameron v. Thornburgh, 983 F.2d 235, 256 (D.C. Cir. 1993); see James v. Reno, et al., No. 99-5081, 1999 WL 615084 (D.C. Cir. Jul. 2, 1999) (Inmate's security classification and transfer request made in Texas; both federal prisons at issue located in Texas; no injury suffered in the District of Columbia; mere fact that White and Snider are employees of the Bureau of Prisons based in D.C. insufficient to establish requisite "minimum contacts" with District); Meyer v. Reno, 911 F. Supp. 11, 14 (D.D.C. 1996) (Bureau of Prisons employee who works at FCI Memphis, Tennessee and three Florida State attorneys not alleged to conduct any business or make any contracts for services and no injury alleged to have been suffered in the

District of Columbia, so court cannot exercise jurisdiction over them).

The presence in the District of Columbia of the defendants must be "continuous and systematic" and relative to the claim to meet the "minimum contacts" requirement. International Shoe Co. v. Washington, 326 U.S. 310 (1945). In this case these non-resident defendants lack the requisite minimum contacts with the District of Columbia because the operative facts of any claim herein arose in Texas. Therefore, defendants' motions to dismiss under Rule 12(b)(2) should be granted, and they should be dismissed from this suit.

### C.    Venue Is Improper – Fed. R. Civ. P. 12(b)(3).

To the extent that plaintiff alleges *Bivens* claims against the individual defendants, they must also be dismissed pursuant to Fed. R. Civ. P. 12(b)(3) for improper venue. Venue in *Bivens* cases is governed by 28 U.S.C. § 1391(b). See Stafford v. Briggs, 444 U.S. 527, 544 (1980); Cameron v. Thornburgh, 983 F.2d 253, 257 (D.C. Cir. 1993); Pollack v. Meese, 737 F. Supp. 663, 665 (D.D.C. 1990). Under § 1391(b), a *Bivens* cause of action may be brought only in a judicial district where: (1) any defendant resides if all defendants reside in the same state; (2) a substantial part of the events or omissions giving rise to the claim occurred; or (3) any defendant may be found if there is no district in which the action may otherwise be brought. See 28 U.S.C. § 1391(b).

Historically, the D.C. federal courts do not permit inmates incarcerated in other jurisdictions to challenge conditions of confinement in this district simply because it is the location of the Bureau's Central Office. The BOP has over 170,000 inmates in over 100 institutions nationwide. See www.bop.gov ("public information, quick facts and statistics"). Courts  recognize the danger of giving all federal inmates the opportunity to bring their claims

here in the district: "Courts in this circuit must examine the challenges to personal jurisdiction and venue carefully to guard against the danger that a plaintiff might manufacture venue in the District of Columbia." Cameron v. Thornburgh, 983 F.2d 253, 256 (D.C. Cir. 1993).

In the instant case, venue is not proper in United States District Court for the District of Columbia under 28 U.S.C. § 1391(b). Plaintiff has provided no evidence that the federal defendants reside in the same state, no significant events giving rise to the claim occurred within the District of Columbia, and plaintiff does not reside in the District, therefore, venue is improper in the District of Columbia pursuant to 28 U.S.C. § 1391(b) and Meyer v. Reno, et al., 911 F. Supp. 11, 15 (D.D.C. 1996). Because venue is improper, the Court should dismiss plaintiff's *Bivens* claims under Fed. R. Civ. P. 12(b)(3).

### D.    Plaintiff Has Not Perfected Service Against Individual Defendants – Fed. R. Civ. P. 12(b)(5)

None of the individual defendants in this action were properly served with the complaint in accordance with the rules applicable to individual defendants. Simpkins v. District of Columbia Government, 108 F.3d 366, 369 (D.C. Cir. 1997). It is well established that, in an action against a federal employee in his or her individual capacity, the individually-sued defendant must be served with process in accordance with Rule 4(e) of the Federal Rules of Civil Procedure. Id. Rule 4(e) provides that service is effectuated by complying with the laws of the state for such in which the district court is located by delivering a copy of the summons and complaint to the defendant (or his appointed agent) personally, or by leaving copies thereof at the defendant dwelling house or usual place of abode with some person of suitable age and discretion who resides there. Fed. R. Civ. P. 4(e). The SCR-Civil 4(e)(2) allows for service upon

10

individuals by first class, certified or registered mail. Actual notice will not, of course, substitute for technically proper service under Rule 4 and will not permit the Court to render a personal judgment against an individually-sued defendant. <u>Sieg v. Karnes</u>, 693 F.2d 803 (8th Cir. 1982); <u>See also Stafford v. Briggs</u>, 444 U.S. 527 (1980).

In this case, it appears that plaintiff served the individual defendants only at their respective places of employment. <u>See</u> Docket Entries 7 and 8. Service at the defendants' place of employment is not proper service. Because the record in this action is devoid of any evidence of proper personal service upon the federal defendants in their individual capacities, this action cannot proceed against them individually and all claims against the defendants in their individual capacity should be dismissed.

The District Court will lack jurisdiction over the federal officials, until <u>all</u> of the provisions of Rule 4(i)(1) and (2) are met. <u>Ecclesiastical Order of the Ism of Am. Inc. v. Chasin</u>, 845 F.2d 113, 116 (6th Cir. 1988); <u>Sanchez-Mariani v. Ellingwood</u>, 691 F.2d 592, 594 (1st Cir. 1982). It is the plaintiff in a civil action who has the burden of establishing the validity of service of process. <u>Grand Entertainment Group, Ltd. v. Star Media Sales, Inc.</u>, 988 F.2d 476, 488 (3d Cir. 1993); <u>Lensel Lopez v. Cordero</u>, 659 F. Supp. 889, 890 (P.R. 1987). Therefore, if that cannot be demonstrated, this case should be dismissed based upon insufficiency of service of process under Rule 12(b)(5). Accordingly, claims against the individual defendants should be dismissed.

**E.    Plaintiff Fails to State a Claim Upon Which Relief Can be Granted – Fed. Rule Civ. P. 12(b)(6)**

**1.    Plaintiff states no basis for *Bivens* claims brought against defendants Lappin and Thompson and respondeat superior may not be the basis**

11

### of a *Bivens* suit

Respondeat superior has been consistently rejected as a basis for the imposition of §1983 or *Bivens* liability.  Marshall v. Reno, 915 F.Supp. 426, 430 (D.D.C. 1996); see also Monell v. Dep't of Social Srvcs, 436 U.S. 658, 691 (1978); Boykin v. District of Columbia , 689 F.2d 1092, 1097-99 (D.C. Cir. 1982); Estate of Rosenberg v. Crandell, 56 F.3d 35, 37 (8th Cir. 1987). In the absence of allegations that the named defendants personally participated in the events that gave rise to the plaintiff's claims or any corroborative allegations to support the inference that these defendants had notice of or acquiesced in such events, dismissal is appropriate.  Marshall at 429-30.  See also Cameron v. Thornburg, 983 F.2d 253, 258 (D.C. Cir. 1993) (complaint naming Attorney General and BOP Director as defendants based on theory of respondeat superior, without allegations specifying their involvement in the case, do not state *Bivens* claim); Rizzo v. Goode, 423 U.S. 362 (1976) (defendants in *Bivens* action dismissed if no personal involvement or participation in alleged unconstitutional actions).

In the instant case, plaintiff fails to set forth any specific allegations of direct involvement or participation by defendant BOP Director Lappin or Southeast Regional Director Thompson in any alleged Constitutional violations against him.  There is no allegation that Lappin or Thompson participated in any decision or approved of any policy that related to the case, other than ruling n his administrative appeals.  Rather, just as in the Cameron case, the plaintiff seems to be basing his claim against Lappin and Thompson in their individual capacities on an assumption that based on their positions, they bear responsibility for the acts of their subordinates.  This is an insufficient basis upon which to maintain a *Bivens* claim.  See Bivens v. Six Unknown Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971).  With regards to

defendant Bickle, plaintiff fails to even explain how he allegedly violated his Constitutional rights. Compl. at 2. To the extent that plaintiff predicates this complaint upon the general supervisory responsibilities of BOP Director Lappin or any of the above named defendants, absent any specific allegations of direct involvement by any of these defendants in such violations, any *Bivens* claims against them must be dismissed. Moreover, to the extent that plaintiff alleges any constitutional violations by Lappin or Thompson because of their role in the administrative grievance process over his discipline, such allegations also fail to state a claim. See Harrison v. Lappin, 2005 WL 752189, *4 (D.D.C. 2005) ("mere fact that [defendant] supervises other BOP staff who may have addressed plaintiff's inmate grievances is not a sufficient basis to hold [him] liable for their alleged unconstitutional action.").

### 2. Plaintiff does not state a cognizable Fifth Amendment claim

Plaintiff alleges a *Bivens* Fifth Amendment due process violation, yet he fails to specifically identify what due process rights were allegedly violated. Notably, he does not dispute that with regards to his disciplinary hearing, he received advance written notice of the charges against him, that he was afforded the right to call witnesses and present documentary evidence, and that he was given a written statement of fact findings. See Wolff v. McDonnell, 418 U.S. 539, 563-67 (1974); see also Sweaney Decl., Attachment E. To the extent that plaintiff's sparse allegations can be reasonably discerned, it appears that he is alleging that it is a violation of his Fifth Amendment due process rights to find him guilty of assault in the prison disciplinary hearing process, when he was later acquitted in a federal jury trial of a criminal assault charge arising from the same incident. Compl. at 1. Plaintiff's argument is contrary to the law and fails to state a Fifth Amendment due process claim.

13

It is well settled that an inmate facing prison discipline is not entitled to the same due process protections afforded a defendant facing criminal prosecution. In <u>Superintendent, Massachusetts Correctional Institution, Walpole v. Hill</u>, 472 U.S. 445 (1985), the Supreme Court held that with regard to prison disciplinary matters that result in the loss of good time credits, "the requirements of due process are satisfied if *some evidence* supports the decision by the prison disciplinary board to revoke good time credits." <u>Id</u>. at 455 (emphasis added). The Court specifically noted that "[r]evocation of good time credits is not comparable to a criminal conviction," and "neither the amount of evidence necessary to support such a conviction, <u>see</u> <u>Jackson v. Virginia</u>, 443 U.S. 307 (1979), nor any other standard greater than some evidence applies in this context." <u>Id</u>. at 456.

Simply because the plaintiff was later acquitted of a similar charge in the criminal context, where the burden of proof is beyond a reasonable doubt, does not in any way invalidate the DHO's decision finding him guilty of assault in the prison disciplinary hearing process. As noted by Administrator Watts in his decision denying plaintiff's administrative appeal, the "results of a criminal prosecution have no bearing on the inmate discipline process" and "different evidentiary standards apply." <u>Sweaney Decl., Attachment D</u>. The record demonstrates that the DHO's decision finding plaintiff guilty of assault was supported by more than "some evidence." This evidence included the written statement by the officer assaulted by plaintiff, the written statements of two officers who witnessed plaintiff's misconduct, and admissions by the plaintiff himself. <u>Sweaney Decl., Attachment E</u>. This quantum of evidence more than satisfies the "some evidence" standard articulated by the Supreme Court in <u>Superintendent</u> and necessary

14

for a finding of guilt in the prison disciplinary hearing process.[5]

Plaintiff fails to identify any Fifth Amendment due process violations and as such, fails to state a claim.[6]

### F.    Defendants Are Entitled To Qualified Immunity[7]

These claims should also be dismissed because the individual defendants are entitled to qualified immunity. The plaintiff is seeking monetary damages against the individual defendant government officials. Qualified immunity shields government officials from suit in performance of a discretionary function unless that official's conduct violated a clearly established constitutional or statutory right of which a reasonable person would have known. Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982). Qualified immunity is "an entitlement not to stand trial or face the other burdens of litigation." Mitchell v. Forsyth, 472 U.S. 511, 526 (1985). The

---

[5] It bears noting that plaintiff was also found guilty of "threatening another with bodily harm" and "insolence towards staff." Sweaney Decl., Attachment E. Plaintiff does not allege that his finding of guilt with regards to these charges were in any way improper. Id.

[6] To the extent that plaintiff is alleging a Fifth Amendment double jeopardy claim, it is well-settled that the use of acquitted conduct in sentencing does not violate the Constitution. See Watts v. United States, 519 U.S. 148, 155 (1997) (use of acquitted conduct does not violate double jeopardy); United States v. Dorcely, 454 F.3d 356, 372 (D.C. Cir. 2006) (use of acquitted conduct does not violate the Fifth or Sixth Amendment of the Constitution) (citing Watts); United States v. Duncan, 400 F.3d 1297, 1304-05 (11th Cir.), cert. denied, --- U.S. ----, 126 S.Ct. 432 (2005) (same). Thus, regardless of the fact that plaintiff was later acquitted of assault in the criminal context, there was no constitutional violation in earlier finding him guilty of assault in the prison disciplinary context.

[7] Although not properly served, and hence, not proper parties in their individual capacities, the individually named defendants would also be protected from personal liability by qualified immunity. Although the complaint is far from clear, to the extent that plaintiff is attempting to sue any of the defendants based on their rulings on his efforts to exhaust his administrative remedies, they would be protected by absolute immunity. E.g., Butz v. Economou, 438 U.S. 478, 515-16 (1978).

privilege is "an immunity from suit rather than a mere defense to liability; and like an absolute immunity, it is effectively lost if a case is erroneously permitted to go to trial." Id. The D.C. Circuit, in Farmer v. Moritsugu, 163 F.3d 610, 613 (D.C. Cir. 1998), explained:

> In short, "[a]n official is ... entitled to summary judgment [on qualified immunity grounds] unless '[t]he contours of the right [were] sufficiently clear that a reasonable official would [have] underst[ood] that what he [was] doing violate [d] that right.' " Harris v. District of Columbia, 932 F.2d 10, 13 (D.C. Cir. 1991) (quoting Anderson v. Creighton, 483 U.S. 635, 640 (1987), aff'd 922 F.2d 443 (8th Cir. 1990)).

By "provid[ing] government officials with the ability reasonably to anticipate when their conduct may give rise to liability for damages," Anderson, 483 U.S. at 646, the doctrine of qualified immunity strikes a balance between compensating those injured by official conduct and protecting the Government's basic ability to function. See Harlow, 457 U.S. at 813-14. In other words, qualified immunity is designed to mitigate the social costs of exposing government officials to personal liability--costs such as "distraction of officials from their governmental duties, inhibition of discretionary action, and deterrence of able people from public service." Id. at 816; see also Harris, 932 F.2d at 13. To this end, qualified immunity provides not simply a defense to liability, but also "an entitlement not to stand trial or face the other burdens of litigation, conditioned on the resolution of the essentially legal question whether the conduct of which the plaintiff complains violated clearly established law." Mitchell v. Forsyth, 472 U.S. 511, 526 (1985).

In determining whether a correctional official is entitled to qualified immunity from personal liability for money damages, there is a two-step process that must be followed by a federal court. Saucier v. Katz, 121 S. Ct. 2151 (2001). A court must always begin with this first

step: "[t]aken in the light most favorable to the party asserting the injury, do the facts alleged show the officer's conduct violated a constitutional right?" Id. at 2156. "If no constitutional right would have been violated were the allegations established, there is no necessity for further inquiries concerning qualified immunity. On the other hand, if a violation could be made out on a favorable view of the parties' submissions, the next, sequential step is to ask whether the right was clearly established." Id. Therefore, if the first portion of the two-pronged test is not met, that is, there is no constitutional violation, then the defendants are entitled to qualified immunity. See Farmer v. Moritsugu, 163 F.3d 610, 613 (D.C. Cir. 1998) (no Eighth Amendment showing of deliberate indifference by BOP Medical Director; therefore, he was entitled to qualified immunity); Verdecia v. Adams, 327 F.3d 1171, 1177 (10th Cir. 2003) ("Because Verdecia cannot meet the first portion of the two-pronged test, the defendants are entitled to qualified immunity.").

In the instant action, the plaintiff fails to demonstrate that the individually named defendants violated any of his constitutional rights. As discussed above, plaintiff's *Bivens* claim appears to be based upon the argument that it is constitutionally impermissible to find him guilty of assault in the prison disciplinary process, when he was later acquitted of a similar charge arising from the same incident in a criminal trial. This position is clearly unsupported by the law. Moreover, plaintiff's complaint is largely silent on what actions, if any, the individually named defendants purportedly took in furtherance of any alleged constitutional violations. As discussed above, conclusory allegations without supporting facts or allegations against each named defendant cannot form a *Bivens* claim upon which relief may be granted. See Martin v. Malhoyt, 830 F.2d 237, 254 (D.C.Cir. 1987).

17

Assuming arguendo the complaint could be interpreted to sufficiently state each named defendant committed unconstitutional acts, plaintiff failed to articulate how these constitutional rights were clearly established. Anderson v. Creighton, 483 U.S. 635, 640 (1987). Accordingly, even under the facts as alleged in the complaint, each of the named defendants is entitled to qualified immunity, and should be dismissed from this lawsuit.

### G.    Heck v. Humphrey Precludes Collateral Attack of a Disciplinary Action in a *Bivens* Action

In Heck v. Humphrey, 512 U.S. 477 (1994), the Supreme Court held that a prisoner may not bring a civil rights action for money damages (in that case, under 42 U.S.C. §1983) alleging unconstitutional conviction or imprisonment, unless first the plaintiff has had the conviction reversed, expunged, invalidated, or called into question by a federal court's issuance of a writ of habeas corpus. Id. at 486-87. In order for a valid constitutional civil rights case for money damages to proceed, therefore, the court must determine whether a successful claim would necessarily imply the invalidity of the underlying conviction or sentence.

The Supreme Court subsequently decided Edwards v. Balisok, 520 U.S. 641 (1997), a unanimous decision which applied Heck to a prisoner's civil rights suit attacking an internal prison disciplinary sanction that affected the overall length of confinement, where good time had been taken from the inmate. This was the case even though the inmate was challenging the procedures used at his hearing, and not the taking of the good time itself. The Supreme Court said if Balisok established the deceit and bias of the prison official holding the hearing, he would be entitled to have his disciplinary conviction overturned. Thus, the Court concluded that Balisok's claim for damages, based on procedural defects in the prison disciplinary hearing,

18

necessarily implied the invalidity of the punishment imposed and was therefore not cognizable under § 1983. Id. at 647. The inmate would first need to have the disciplinary action overturned in order to proceed with a money damages claim that necessarily implies the invalidity of the punishment imposed.

The D.C. Circuit extended the holding of Heck v. Humphrey to *Bivens* actions brought against federal officials in Williams v. Hill, 74 F.3d 1339, 1340 (D.C. Cir.1996). In Gambina v. Sawyer, No. 99-5128, 1999 WL 728353 (D.C. Cir. Aug. 17, 1999) (per curiam), application of these cases to a federal prisoner's *Bivens* case which necessarily implied the invalidity of disciplinary punishment previously imposed was illustrated by the D.C. Circuit:

> Appellant is a federal inmate who was found guilty, in the context of a prison disciplinary proceeding, of attempting to escape from the facility and attempting to take hostages. Appellant's sanctions included the loss of good-time credits previously earned toward his release. Appellant alleges that the procedures used in the disciplinary proceedings violated his right to due process. The procedural defects alleged would, if established, necessarily imply the invalidity of the punishment imposed. Appellant has not demonstrated that the disciplinary punishment imposed has been invalidated, and thus his claim for money damages is not cognizable under Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971). See Edwards v. Balisok, 520 U.S. 641, 117 S.Ct. 1584, 137 L.Ed.2d 906 (1997); Heck v. Humphrey, 512 U.S. 477, 486-87, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994); Williams v. Hill,74 F.3d 1339, 1340 (D.C. Cir. 1996).

In the instant case, plaintiff's complaint centers on a challenge to the validity of the DHO hearings in which he was found guilty of assault and other charges. In pertinent part, based upon the evidence of record, the DHO determined that the plaintiff committed assault against prison officers and that this charge was substantiated by prison staff. Because plaintiff's sanctions specifically included a forfeiture of statutory good conduct time, he is plainly required to first successfully challenge and overturn the disciplinary proceeding before bringing a *Bivens* claim

which necessarily invalidates the validity of that action.[8]

## IV.   Conclusion

For all of the foregoing reasons, this action should be dismissed.  If it is not dismissed, it should be transferred to an appropriate court pursuant to 28 U.S.C. §1404(a).

Respectfully submitted,

_____
JEFFREY A. TAYLOR, D.C. BAR # 498610
United States Attorney

_____
RUDOLPH CONTRERAS, D.C. BAR # 434122
Assistant United States Attorney

_____
QUAN K. LUONG
Special Assistant United States Attorney
555 Fourth Street, N.W., Room E-4417
Washington, D.C. 20530
(202) 514-9150 (telephone)
(202) 514-8780 (facsimile)

---

[8]Of course, a habeas action by plaintiff could not be brought in this District.  The plain language of the habeas statute confirms the general rule that in "habeas petitions challenging present physical confinement, jurisdiction lies in only one district: the district of confinement." Rumsfield v. Padilla, 542 U.S. 426, 443, 124 S.Ct. 2711, 2722 (2004).  See also 28 U.S.C. § 2241(a) (District courts are limited to granting habeas relief "within their respective jurisdictions").

20

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this ___7th___ day of March, 2007, I caused service of the foregoing **DEFENDANTS' MOTION TO DISMISS OR, IN THE ALTERNATIVE, TO TRANSFER VENUE** to be made on the *pro se* plaintiff via first class mail:

> **ANTHONY BOYD**
> R42603-054
> UNITED STATES PENITENTIARY – LEE COUNTY
> P.O. Box 305
> Jonesville, VA  24263-0305

Respectfully submitted,

_____
QUAN K. LUONG
Special Assistant United States Attorney
555 Fourth Street, N.W., Room E-4417
Washington, D.C. 20530
(202) 514-9150 (telephone)
(202) 514-8780 (facsimile)