IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| ANTHONY BOYD, | § | |
| Plaintiff, | § § § | |
| v. | § | Civil Action No. A-06-1596 ESH |
| HARLEY LAPPIN, et al., | § § | |
| Defendants. | § § | |

### DECLARATION OF MARTIN JOSEPH SWEANEY

In accordance with 28 U.S.C. § 1746, I, Martin Joseph Sweaney, make the following unsworn declaration, under penalty of perjury, pertinent to the above styled and numbered cause:

I am presently employed and have since July, 1989, been employed by the United States Department of Justice, Federal Bureau of Prisons (BOP) as Attorney. The official duties and responsibilities of my current position include access to the BOP's administrative remedy records, and the computerized inmate records, or database, maintained by the BOP in the ordinary course of business, along with the files of Discipline Hearing Officer (DHO) hearings conducted in BOP facilities.

The BOP makes available to its inmates a three-level administrative remedy process should informal resolution procedures fail to achieve sufficient results. In most cases, the administrative remedy process is begun by filing a Request for Administrative Remedy at the institution where the inmate is incarcerated. Should the inmate's complaint be denied at the institution level, the inmate may appeal by filing a Regional Administrative Remedy Appeal with the Regional Office for the geographic region in which the inmate's institution of confinement is located, which in most cases, is the second step of the process.

1

When, however, an inmate appeals form a DHO hearing, as is the case here, the inmate is to appeal directly to Regional Office without filing first at the institution level. Please see 28 C.F.R. § 542.14(d)(2). For an inmate at the United States Penitentiary (USP), Pollock, Louisiana, this first appeal would be filed with the South Central Regional Office of the BOP in Dallas, Texas.

If the Regional Office denies relief, the inmate can appeal to the BOP's Office of General Counsel via a Central Office Administrative Remedy Appeal, which is the usually the third and final step of the process, or, in this case, the second and final step.

According to computerized records maintained by the BOP in the ordinary course of business, the plaintiff, Anthony Boyd, 42603-054, is currently incarcerated at USP, Pollock.

After a thorough and diligent search of the administrative remedy records maintained by the BOP, I have found the following:

1. Regional Administrative Remedy Appeal, 370501-R2, of which Attachment A is a true and accurate copy;

2. The response to 370501-R2, of which Attachment B is a true and accurate copy;

3. Central Office Administrative Remedy Appeal, 370501-A1, of which Attachment C is a true and accurate copy; and

4. The response to 370501-A1, of which Attachment D is a true and accurate copy.

The petitioner has completed the process of administrative exhaustion with respect to the DHO hearing of 16 September 2006.

Furthermore, after a diligent and thorough search of the DHO files, I have found the Discipline Hearing Officer Report (and related documentation) of the hearing conducted on 16 September 2004, which report was issued on 6 October 2004, pertaining to Incident Report

2

Number 1256199, of which Attachment E is a true and accurate copy.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief. Executed on this 30th day of January, 2007.

/s/ Martin Joseph Sweaney
Martin Joseph Sweaney, Attorney
Bureau of Prisons
South Central Regional Office
4211 Cedar Springs Road, Suite 300
Dallas, Texas 75219

U.S. Department of Justice  
Federal Bureau of Prisons

Regional Administrative Remedy Appeal

DHO

Type or use ball-point pen. If attachments are needed, submit four copies. One copy of the completed BP-DIR-9 including any attachments must be submitted with this appeal.

From: **Boyd, Anthony -**  42603-054  A-2  U.S.P. Pollock
LAST NAME, FIRST, MIDDLE INITIAL | REG. NO. | UNIT | INSTITUTION

Part A—REASON FOR APPEAL  On 3/7/05, I received D.H.O. Incident Report #1256199 charging me with assaulting Lt. Thomas Watson, etc. Subsequently, this assault charge was referred to the F.B.I. and I was indicted under Title 18 U.S.C. 111, Assault[ing a] Federal officer. Trial commenced 2/14/05 and I was acquitted on 2/16/05, although D.H.O. Bickle had gratuitously found me guilty of this prohibited act prior to trial on 9/16/04. In the nearly six (6) years before I arrived at F.C.I. Three Rivers I never lost any good conduct time. The disciplinary hearing proceedings conducted by D.H.O. Bickle are unconstitutional, as they violate the Fifth Amendment's "due process" clause.

I hereby request for "all" of my vested and non-vested good conduct time taken by D.H.O. Bickle be restored, all of it, not just the time taken for the assault charge. I want a neutral party to conduct the D.H.O. proceeding for now on and for the disciplinary transfer I received to be voided immediately or I will see you in court. Nothing else follows.

April 07, 2005  
DATE

/s/ Anthony Boyd  
SIGNATURE OF REQUESTER

Part B—RESPONSE

I am re-submitting my appeal. I was on [writ?] from 11-08-04 until

---

DATE | REGIONAL DIRECTOR

If dissatisfied with this response, you may appeal to the General Counsel. Your appeal must be received in the General Counsel's Office within 30 calendar days of the date of this response.

FIRST COPY: REGIONAL FILE COPY   CASE NUMBER: **370501-R2**

RECEIVED APR 10 2005  
RECEIVED APR 11 2005 BUREAU OF PRISONS LEGAL DEPARTMENT, SCRO

Part C—RECEIPT     CASE NUMBER: _____

Return to: _____
LAST NAME, FIRST, MIDDLE INITIAL

SUBJECT: _____  Attachment A

UNIT | INSTITUTION

BP-230(13)

BOYD, Anthony          REG. NO. 42603-054     RECEIPTED: 4/11/05

CASE NO. 370501-R2     PART B - RESPONSE

You are appealing a DHO action of 9/16/04, for Code 203, Threatening Another With Bodily Harm, Code 224, Assault, and Code 312, Insolence Towards a Staff Member.

The record of this disciplinary action reflects you were advised of your rights and afforded the opportunity to exercise those rights in accordance with Program Statement 5270.07, <u>Inmate Discipline and Special Housing Units</u>. After thorough review of the incident report, the investigation, the evidence and related documentation, there appears to be sufficient evidence presented to support the DHO's decision. The sanctions imposed are within policy and commensurate with the finding you committed prohibited acts in the High and Moderate severity categories.

This incident involved the DHO finding you threatened bodily harm, assaulted a staff member, and were insolent to a staff member. Specifically, on 8/28/04, while being placed in the Special Housing Unit (SHU) you became insolent to staff as they placed hand restraints upon you. As you were being escorted to SHU, you lunged forward and back using your shoulder to strike the reporting officer. Throughout the incident you made threatening remarks to the reporting officer. The DHO took into account your statement in making the determination the greater weight of evidence supported you committed the prohibited acts.

You contend that this incident was tried in Federal Court and you were acquitted of the charges. However, the DHO had sufficient evidence to find that you committed the prohibited acts.

Therefore, your request for relief at the Regional level is denied.

In the event you are dissatisfied with this response, you may appeal to the Bureau of Prisons, Administrative Remedy Section, 320 First Street, NW, Washington, D.C. 20534. Your appeal must be received in that office within 30 days from the date of this response.

5-27-05
Date

Ronald G. Thompson
Regional Director

Attachment B

**U.S. Department of Justice**  
Federal Bureau of Prisons

**Central Office Administrative Remedy Appeal**

Type or use ball-point pen. If attachments are needed, submit four copies. One copy each of the completed BP-DIR-9 and BP-DIR-10, including any attachments must be submitted with this appeal.

From: Boyd, Anthony — 42603-054 — A-2 — U.S.P. Pollock
LAST NAME, FIRST, MIDDLE INITIAL — REG. NO. — UNIT — INSTITUTION

**Part A—REASON FOR APPEAL**

On February 16, 2005, I was acquitted by a federal jury of assault on staff. On September 16, 2004, D.H.O. Bickle found me guilty of the prohibited act Code 224, Assault, etc. In the nearly six (6) years before I arrived at F.C.I. Three Rivers I had never lost any good time. The disciplinary hearing proceedings conducted by Mr. Bickle are unconstitutional because they violated the Due Process Clause of the Fifth Amendment.

I hereby request for all of my vested and non-vested good conduct time taken by D.H.O. Bickle be restored, all of it, not just the 60 days taken for his fabricated assault charge. F.C.I. Three Rivers staff conspired to fabricate and provoke me into charges because I stood up to them when they were disrespectful to me. If I do not get all my good time back I am going to sue everyone involved.

June 16, 2005    Anthony Boyd
DATE              SIGNATURE OF REQUESTER

**Part B—RESPONSE**

RECEIVED
JUN 24 2005
ADMINISTRATIVE REMEDY BRANCH

_____    _____
DATE                GENERAL COUNSEL

SECOND COPY: REGIONAL FILE COPY    CASE NUMBER: 370501-A1

**Part C—RECEIPT**

                                    CASE NUMBER: _____

Return to: _____
           LAST NAME, FIRST, MIDDLE INITIAL    REG. NO.    UNIT    INSTITUTION

SUBJECT: _____

                                    Attachment C

_____    _____
DATE                SIGNATURE OF RECIPIENT OF CENTRAL OFFICE APPEAL

BP-231(13)

Administrative Remedy No. 370501-A1
Part B - Response

You appeal the September 16, 2004, decision of the Discipline Hearing Officer (DHO) in which you were found to have committed the prohibited acts of Threatening Another With Bodily Harm or Any Other Offense (code 203); Assaulting Any Person (code 224); and Insolence Towards a Staff Member (code 312). Specifically, you contend you were acquitted of criminal charges related to this incident. You state the DHO hearing violated your Constitutional rights. You request expungement of the incident report.

Our review of your disciplinary proceedings indicates substantial compliance with Program Statement 5270.07, <u>Inmate Discipline and Special Housing Units</u>. The DHO's decision was based upon the greater weight of the evidence as detailed in Section V of the DHO report. We find it reasonable for the DHO to have made this determination. Records indicate you appeared before the DHO, were advised of your rights, and made a statement. The DHO gave greater weight of the evidence to the reporting officer's account of the incident. Although you dispute the charge, the evidence is sufficient to support the finding.

The results of a criminal prosecution have no bearing on the inmate discipline process. These are two completely separate and distinct jurisdictions for which different evidentiary standards apply. You were afforded all Due Process rights associated with the inmate discipline process.

Based on our review of the disciplinary record, we find the required disciplinary procedures were substantially followed, the greater weight of the evidence supports the DHO's decision, and the sanctions imposed were commensurate to the severity level of the offense and in compliance with policy.

Your appeal is denied.

August 18, 2005
Date

Harrell Watts, Administrator
National Inmate Appeals

Attachment D

DISCIPLINE HEARING OFFICER REPORT                                   BP-S305.052 MAY 94
U.S. DEPARTMENT OF JUSTICE                                          FEDERAL BUREAU OF PRISONS

INCIDENT REPORT NUMBER __1256199__

**FILE COPY**

| INSTITUTION | FCI THREE RIVERS, TX | INCIDENT REPORT NUMBER | 1256199 |
|---|---|---|---|
| INMATE NAME | BOYD, ANTHONY | REG NO 42603-054 | UNIT JIM WELLS |
| DATE OF INCIDENT | 08-28-2004 | DATE OF INCIDENT REPORT | 08-28-2004 |
| OFFENSE CODE(S) | 224/203/312 | | |
| SUMMARY OF CHARGES | ASSAULTING ANOTHER PERSON; THREATENING ANOTHER WITH BODILY HARM/ INSOLENCE TOWARDS STAFF | | |

**I. NOTICE OF CHARGE(S)**

A. Advanced written notice of charge (copy of Incident Report) was given to inmate on
(date) 08-28-2004  at  2145  (by staff)  G GONZALEZ

B. The DHO Hearing was held on (date) 09-16-2004 at (time) 0850

C. The inmate was advised of his/her rights before the DHO by (staff member):
L FARIAS     on (date) 08-31-2004
And a copy of the advisement of rights form is attached.

**II. STAFF REPRESENTATIVE**

| A. Inmate waived right to staff representative. | Yes: | No: X |
|---|---|---|

B. Inmate requested staff representative and  R. GONZALEZ  appeared.

C. Requested staff representative declined or could not appear but inmate was advised of option to postpone hearing to obtain another staff representative with the result that:  N/A

| D. Staff representative | N/A | was appointed. |
|---|---|---|

E. Staff Representative Statement:

BEING HIS COUNSELOR, WE HAVE WORKED TOGETHER. WE HAVE TALKED ABOUT HIS HISTORY OF THREATENING STAFF. UNIT TEAM HAS NEVER HAD ANY PROBLEMS WITH HIM.

**III. PRESENTATION OF EVIDENCE**

| A. Inmate admits | | denies | X | the charge(s). |
|---|---|---|---|---|

B. Summary of inmate statement:

I DIDN'T ASSAULT HIM. HE WAS TWISTING MY ARM. I KICKED THE WINDOW AND THE MEDICAL CART. I SAID, "WHY DON'T YOU TAKE THESE FUCKING CUFFS AND LET'S GO AT IT." AND "I'M GETTING OUT OF HERE IN TWO FUCKING MONTHS ANYWAY THEN WE'LL SEE WHAT THE FUCK IS GOING TO HAPPEN TO YOUR BITCH ASS." I GUESS I COULD HAVE HIT HIM DURING THE STRUGGLE. I DIDN'T DO IT INTENTIONALLY.

Page 1 of 5

Attachment E

DISCIPLINE HEARING OFFICER REPORT | BP-S305.052 MAY 94
U.S. DEPARTMENT OF JUSTICE | FEDERAL BUREAU OF PRISONS

INCIDENT REPORT NUMBER __1256199__

| C. Witnesses: | | | | | |
|---|---|---|---|---|---|
| 1. The inmate requested witness(es). | Yes: | | No: | | X |
| 2. The following persons were called as witnesses at this hearing and appeared. (Include each witnesses name, title, reg. number, and statement as appropriate.) | | | | | |
| N/A | | | | | |
| 3. A summary of the testimony of each witness is | Yes: | | No: | | X |
| 4. The following persons requested were not called for the reason(s) given: | | | | | |
| N/A | | | | | |
| 5. Unavailable witnesses were requested to submit written statements and those statements were considered. | Yes | | No | | N/A X |

D. Documentary Evidence: In addition to the Incident Report and Investigation, the DHO considered the following documents:

08-28-2004 MEMORANDUM BY C SCHMALE, SO
08-28-2004 MEMORANDUM BY D CHARO, SO
ONE PAGE INMATE INJURY ASSESSMENT
THREE PHOTOGRAPHS CONCERNING THE INCIDENT

E. Confidential information was used by DHO in support of his findings, but was not revealed to the inmate. The confidential information was documented in a separate report. The confidential information has been (confidential informants have been) determined to be reliable because:

N/A

IV. FINDINGS OF THE DHO

| X | A. The act was committed as charged. | | | | |
|---|---|---|---|---|---|
| | B. The following act was committed: | Offense Code(s) | | | |
| | C. Summary of charges: | | | | |
| | D. No prohibited act was committed: Expunge according to Inmate Discipline PS. | | | | |

V. SPECIFIC EVIDENCE RELIED ON TO SUPPORT FINDINGS (Physical evidence, observations, written documents, etc.)

THE WRITTEN STATEMENT OF LIEUTENANT WATSON THAT ON AUGUST 28, 2004, AT APPROXIMATELY 5:30 P.M., INMATE BOYD, ANTHONY, REG. NO. 42603-054, WAS PLACED IN HAND RESTRAINTS FOR THREATENING THE COMPOUND OFFICER. THE WRITTEN STATEMENT OF LIEUTENANT WATSON THAT AS HE PLACED INMATE BOYD IN HAND RESTRAINTS, HE STATED, "FUCK YOU BITCH SO THIS IS HOW IT IS, I AM GOING TO KICK YOUR FUCKING ASS. SO YOU THINK YOU ARE A BAD MOTHER FUCKER HUH. I WILL KICK YOUR ASS, TAKE THESE RESTRAINTS OFF ME." THE WRITTEN STATEMENT OF LIEUTENANT WATSON THAT INMATE BOYD THEN SHOVED BACK STRIKING HIM WITH HIS SHOULDER. THE WRITTEN STATEMENT OF LIEUTENANT WATSON

THAT DURING THE COURSE OF ESCORTING INMATE BOYD TO THE SPECIAL HOUSING UNIT, HE REPEATEDLY RESISTED STAFF EFFORTS TO CONTROL HIM BY LUNGING FORWARD AND LUNGING BACKWARDS AND STRIKING HIM WITH HIS SHOULDER IN HIS CHEST. THE WRITTEN STATEMENT OF LIEUTENANT WATSON THAT HE ALSO LASHED OUT WITH HIS FEET STRIKING A WINDOW BY MEDICAL AND THE MEDICAL CART DURING WHICH HE AGAIN STRUCK HIM WITH HIS SHOULDER.

YOUR STATEMENT TO INVESTIGATIVE LIEUTENANT GONZALEZ THAT YOU KICKED THE WINDOWS AND THE CART BUT ALL THE REST IS LIES.

YOUR STATEMENT TO THE UDC THAT IT'S ALL LIES ONLY THE PART ABOUT YOU KICKING THE WINDOWS AND MEDICAL CART IS TRUE.

THE WRITTEN STATEMENT OF OFFICER SCHMALE THAT ON AUGUST 28, 2004, AT APPROXIMATELY 5:30 P.M., WHILE INMATE BOYD, ANTHONY, REG. NO. 42603-054, WAS ESCORTED FROM THE LIEUTENANTS OFFICE TO SPECIAL HOUSING UNIT, HE OBSERVED INMATE BOYD PULLING HIS SHOULDER AWAY FROM LIEUTENANT WATSON AND PUSHING BACK TOWARDS LIEUTENANT WATSON, STRIKING HIM WITH HIS ROWING SHOULDER INTO LIEUTENANT WATSON'S CHEST AREA. THE WRITTEN STATEMENT OF OFFICER SCHMALE THAT INMATE BOYD STATED TO LIEUTENANT WATSON, "WHAT THE FUCK ARE YOU GOING TO DO ABOUT THAT YOU FUCKIN BITCH." THE WRITTEN STATEMENT OF OFFICER SCHMALE THAT LIEUTENANT WATSON CONTINUED TO ESCORT LIEUTENANT BOYD TO THE SPECIAL HOUSING UNIT, WHILE ESCORTING THE INMATE PAST THE MEDICAL DEPARTMENT AMBULANCE CART, INMATE BOYD KICKED TO THE REAR, MISSING LIEUTENANT WATSON AND STRIKING THE AMBULANCE CART. THE WRITTEN STATEMENT OF OFFICER SCHMALE THAT INMATE BOYD JUMPED AND KICKED AGAIN AT A WINDOW LOCATED OUTSIDE THE SPECIAL HOUSING UNIT SALLY PORT AREA. THE WRITTEN STATEMENT OF OFFICER SCHMALE THAT AT THIS TIME, HE CALLED FOR CONTROL TO OPEN THE OUTER SHU DOOR FOR STAFF AND ONE INMATE AND INMATE BOYD WERE ESCORTED INTO THE SPECIAL HOUSING UNIT. THE WRITTEN STATEMENT OF OFFICER SCHMALE THAT INSIDE SPECIAL HOUSING, INMATE BOYD STATED TO STAFF, "WHY DON'T YOU TAKE OFF THESE FUCKING CUFFS AND LET'S GO AT IT." THE WRITTEN STATEMENT OF OFFICER SCHMALE THAT INMATE BOYD ALSO STATED, "I'M GETTING THE FUCK OUT OF HERE IN TWO FUCKING MONTHS ANYWAY AND THEN WE'LL SEE WHAT THE FUCK IS GOING TO HAPPEN TO YOUR BITCH ASS."

THE WRITTEN STATEMENT OF OFFICER CHARO THAT WHILE ASSIGNED AS THE COMPOUND TWO OFFICER ON AUGUST 28, 2004, AT APPROXIMATELY 5:30 P.M., HE AND COMPOUND ONE OFFICER SCHMALE WERE CHECKING ID'S MAKING SURE INMATES WERE GOING THROUGH THE METAL DETECTOR. THE WRITTEN STATEMENT OF OFFICER CHARO THAT AS INMATE BOYD, ANTHONY, REG. NO. 42603-054, WALKED THROUGH, THE METAL DETECTOR WENT OFF. OFFICER SCHMALE CALLED INMATE BOYD BACK AND ASKED THE INMATE TO REMOVE HIS BOOTS AND WALK THROUGH THE METAL DETECTOR AGAIN. THE WRITTEN STATEMENT OF OFFICER CHARO THAT THE INMATE THEN STATED TO OFFICER SCHMALE, "I AIN'T GOT TIME TO FUCKING BE PLAYING GAMES WITH YOUR BITCH ASS, THIS IS FUCKING STUPID, I SHOULD JUST KNOCK YOU THE FUCK OUT." THE WRITTEN STATEMENT OF OFFICER CHARO THAT AT THAT TIME, OFFICER SCHMALE GAVE INMATE BOYD MULTIPLE ORDERS WHICH THE INMATE REFUSED. THE WRITTEN STATEMENT OF OFFICER CHARO THAT AT THAT TIME, THE OPERATIONS LIEUTENANT WAS NOTIFIED AND THE INMATE WAS ESCORTED TO THE LIEUTENANTS OFFICE WHERE HE WAS CUFFED BY LIEUTENANT WATSON. THE WRITTEN STATEMENT OF OFFICER CHARO THAT INMATE BOYD WAS BEING ESCORTED DOWN TO SPECIAL HOUSING, THE INMATE BECAME VERY AGGRESSIVE AND ASSAULTIVE BY THROWING HIS

Apr-28-05 01:44pm Case 1:06-cv-01596-ESH    Document 11-2    Filed 03/07/2007    Page 11 of 20 T-042

DISCIPLINE HEARING OFFICER REPORT
U.S. DEPARTMENT OF JUSTICE

BP-S305.052 MAY 94
FEDERAL BUREAU OF PRISONS

INCIDENT REPORT NUMBER 1256199

STATEMENT OF OFFICER CHARO THAT AT THAT TIME, THE INMATE STATED, "WHAT THE FUCK ARE YOU GOING TO DO ABOUT THAT YOU FUCKIN BITCH." THE WRITTEN STATEMENT OF OFFICER CHARO THAT THE LIEUTENANT CONTINUED TO ESCORT THE INMATE TO SPECIAL HOUSING AND AS THE INMATE WAS BEING ESCORTED BY MEDICAL, THE INMATE KICKED HIS LEGS TO THE REAR, MISSING THE LIEUTENANT AND HITTING THE MEDICAL CART. THE WRITTEN STATEMENT OF OFFICER CHARO THAT AFTER THAT THE INMATE JUMPED AND KICKED THE WINDOW OF MEDICAL CLOSEST TO THE SPECIAL HOUSING ENTRANCE. THE WRITTEN STATEMENT OF OFFICER CHARO THAT ONCE THE INMATE WAS ESCORTED INTO SPECIAL HOUSING, THE INMATE CONTINUED TO USE PROFANITY TOWARDS STAFF.

YOU DENIED THE CHARGE AND PRESENTED AS YOUR DEFENSE THAT YOU DIDN'T ASSAULT THE LIEUTENANT. YOU STATED THAT HE WAS TWISTING YOUR ARM AND TRYING TO HURT YOU. YOU FURTHER STATED THAT YOU DID KICK THE WINDOW AND THE MEDICAL CART. YOU ALSO STATED THAT YOU DID TELL STAFF, "WHY DON'T YOU TAKE THESE FUCKING CUFFS OFF AND LET'S GO AT IT," AND "I'M GETTING OUT OF HERE IN TWO FUCKING MONTHS ANYWAY, THEN WE'LL SEE WHAT THE FUCK IS GOING TO HAPPEN TO YOUR BITCH ASS." YOU RELAYED THAT YOU COULD HAVE HIT THE LIEUTENANT WHEN HE WAS TWISTING YOUR HAND CUFFS AND YOU WERE STRUGGLING BECAUSE HE WAS HURTING YOU, BUT THAT YOU DID NOT HIT HIM INTENTIONALLY. THE DHO NOTES THAT YOU ADMIT MAKING THREATENING STATEMENTS TOWARDS STAFF, KICKING THE CART AND WINDOW, AND THAT YOU MAY HAVE HIT THE LIEUTENANT WHEN STRUGGLING WITH HIM, ALL OF WHICH CORROBORATES THE EYE WITNESS STATEMENTS. THE DHO ALSO NOTES THAT YOU HAVE A PAST HISTORY OF MAKING THREATS TO STAFF, REFUSING TO COMPLY WITH ORDERS, AND BEING DISRUPTIVE. IT IS ALSO CLEAR FROM YOUR ADMISSION THAT YOU DID STRIKE LIEUTENANT WATSON, WHETHER INTENTIONAL OR NOT, WHICH IS STILL CONSIDERED ASSAULT ON STAFF. YOU HAVE PROVIDED NO EVIDENCE OR WITNESSES TO DISPUTE THE CHARGES. THE DHO GIVES GREATER WEIGHT TO THE REPORTING STAFF MEMBER'S WRITTEN STATEMENT THAT YOU WERE INSOLENT, THREATENED STAFF, AND ASSAULTED THE LIEUTENANT BY HITTING HIM IN THE CHEST WITH YOUR SHOULDER, WHICH IS CORROBORATED BY YOUR ADMISSION THAT YOU WERE INSOLENT, THREATENED STAFF, AND YOUR ADMISSION THAT YOU MAY HAVE HIT THE LIEUTENANT DURING A STRUGGLE. THIS FACT IS FURTHER CORROBORATED BY THE EYE WITNESS ACCOUNTS OF OFFICERS CHARO AND SCHMALE WHO INDICATED THAT YOU WERE INSOLENT, THREATENED STAFF, AND THAT YOU ASSAULTED LIEUTENANT WATSON.

THE DHO FINDS THAT THE GREATER WEIGHT OF THE ABOVE LISTED EVIDENCE SUPPORTS THAT YOU COMMITTED THE PROHIBITED ACTS OF ASSAULT, CODE 224, THREATENING ANOTHER WITH BODILY HARM, CODE 203, AND INSOLENCE, CODE 312.

# DISCIPLINE HEARING OFFICER REPORT
## U.S. DEPARTMENT OF JUSTICE

BP-S305.052 MAY 94
**FEDERAL BUREAU OF PRISONS**

INCIDENT REPORT NUMBER __1256199__

| VI. SANCTION OR ACTION TAKEN | | | | | | | |
|---|---|---|---|---|---|---|---|
| 224-Disciplinary Segregation | No. of Days | 30 | Suspended | Yes | | No | X |
| 224-Disallow Good Conduct Time | No. of Days | 27 | Suspended | Yes | | No | X |
| 224-Forfeit Non-Vested Good Time | No. of Days | 40 | Suspended | Yes | | No | X |
| 224-Loss of Telephone Privileges | No. of Days | 365 | Suspended | Yes | | No | X |
| 203-Disciplinary Segregation | No. of Days | 30 | Suspended | Yes | | No | X |
| 203-Disallow Good Conduct Time | No. of Days | 40 | Suspended | Yes | | No | X |
| 203-Forfeit Non-Vested Good Time | No. of Days | 40 | Suspended | Yes | | No | X |
| 312-Disciplinary Segregation | No. of Days | 15 | Suspended | Yes | | No | X |
| 312-Disallow Good Conduct Time | No. of Days | 14 | Suspended | Yes | | No | X |
| 312-Forfeit Non-Vested Good Time | No. of Days | 20 | Suspended | Yes | | No | X |
| 312-Loss of Commissary Privileges | No. of Days | 365 | Suspended | Yes | | No | X |
| Previously suspended sanction being executed | Y | | N | X | Report # | | |

Recommendation by the DHO:

### VII. REASON FOR SANCTION OR ACTION TAKEN

THE DHO SANCTIONED YOU WITH DISCIPLINARY SEGREGATION AND DISALLOWANCE OF GOOD CONDUCT TIME TO SERVE AS PUNISHMENT AND TO MOTIVATE YOU TOWARDS MORE SELF DISCIPLINE. THE DHO FURTHER SANCTIONED YOU WITH FORFEITURE OF GOOD CONDUCT TIME. THE DHO SANCTIONED YOU WITH LOSS OF TELEPHONE AND COMMISSARY PRIVILEGES TO CORRECT YOUR INAPPROPRIATE BEHAVIOR. THE DHO BELIEVES THAT THE LOSS OF PRIVILEGES WILL HAVE A SIGNIFICANT IMPACT IN CORRECTING YOUR BEHAVIOR.

### VIII. APPEAL RIGHTS:
The inmate has been advised of the findings, specific evidence relied on, action and reasons for the action. The inmate has been advised of his right to appeal this action within 20 calendar days under the Administrative Remedy Procedure. A copy of this report has been given to the inmate.

| | Yes | X | No | |
|---|---|---|---|---|

### IX. DISCIPLINE HEARING OFFICER

| Printed Name | Signature | Date |
|---|---|---|
| C. BICKLE | | 10-6-05 |
| DELIVERED TO INMATE | | 2-28-06 3-7-06 |

(This form may be replicated in WP)

Replaces BP-304(52) of JAN 88



MAY 1994
U.S. DEPARTMENT OF JUSTICE  125 6177  FEDERAL BUREAU OF PRISONS

## Part I - Incident Report

| 1. Name Of Institution: | | | |
|---|---|---|---|
| 2. Name Of Inmate<br>Boyd, Anthony | 3. Register Number<br>42603-054 | 4. Date Of Incident<br>08-28-2004 | 5. Time<br>5:30 PM |
| 6. Place Of Incident<br>Compound by the Chapel | 7. Assignment<br>CMP SID AM | 8. Unit<br>Jim Wells-A | |

| 9. Incident<br>Assault on another person/staff (Minor)<br>Threatening another with harm (staff)<br>Insolence towards staff | 10. Code<br>224<br>203<br>312 |
|---|---|

11. Description Of Incident (Date: 08-28-04 Time: 5:30 PM Staff become aware of incident)

At approximately 5:30 PM inmate Boyd, Anthony #42603-054 was placed in hand restraints for threatening the compound officer. As I placed inmate Boyd in hand restraints he stated "Fuck you bitch so this is how it is, I am going to kick your fuckin ass. So you think you are bad mother fucker huh? I will kick your ass take these restraints off me." Inmate Boyd then shoved back striking me with his shoulder. During the course of escorting inmate Boyd to the Special Housing Unit he repeatedly resisted staff efforts to control him by lunging forward and lunging backwards and striking me with his shoulder in my chest. He also lashed out with his feet striking a window by medical and the medical cart during which he again struck me with his shoulder.

| 12. Signature Of Reporting Employee | Date And Time<br>08-28-2004<br>7:45 pm | 13. Name And Title (Printed)<br>T. Watson, Lieutenant |
|---|---|---|
| 14. Incident Report Delivered To Above Inmate By | 15. Date Incident Report Delivered<br>8/28/04 | 16. time Incident Report Delivered<br>9:45pm |

## Part II - Committee Action

17. Comments Of Inmate To Committee Regarding Above Incident

Inmate Boyd made the following statement "It's all lies only the part about me kicking the windows and medical cart is true."

18. A. It Is The Finding Of The Committee That You:
____ Committed The Following Prohibited Act.
____ Did Not Commit A Prohibited Act.

B. XX The Committee Is Referring The Charge(s) To The DHO For Further Hearing.
C. ____ The Committee Advised The Inmate Of Its Finding And Of The Right To File An Appeal Within 15 Calendar Days.

19. Committee Decision Is Based On The Following Information

Based on the severity of the report

20. Committee action and/or recommendation if referred to DHO (Contingent upon DHO finding inmate committed prohibited act)

The UDC recommends the DHO imposes appropriate sanctions

21. Date And Time Of Action 8-31-04 1:20 pm (The UDC Chairman's Signature Next To

Chairman (Typed Name/signature)     Member (Typed Name)     Member (Typed Name)

(This Form May Be Replicated Via WP)    Replaces BP-288(52) Of Jan 88

| Part III - Investigation | 22. Date And Time Investigation Began<br>August 28, 2004 (9:45pm) |
|---|---|

23. Inmate Advised Of Right To Remain Silent: You Are Advised Of Your Right To Remain Silent At All Stages Of The Disciplinary Process But Are Informed That Your Silence May Be Used To Draw An Adverse Inference Against You At Any Stage Of The Institutional Disciplinary Process. You Are Also Informed That Your Silence Alone May Not Be Used To Support A Finding That You Have Committed A Prohibited Act.

The Inmate Was Advised Of The Above Right By _G. Gonzalez_ At (Date/time) _August 28, 2004 (9:48pm)_

24. Inmate Statement And Attitude:
Inmate was positively identified and was provided a legible copy of this incident report. I advised Inmate Boyd, #42603-054 his rights, and Inmate Boyd waived his rights by stating, " I kicked the windows and cart but all the rest is lies."

Inmate Boyd displayed a poor attitude during this investigation.

25. Other Facts About The Incident, Statements Of Those Persons Present At Scene, Disposition Of Evidence, Etc.
All known facts are contained in this report.

See Inmate Chronological Disciplinary Data.

See supportive memorandum from Officer Charo.

See supportive memorandum from Officer Schmale.

Inmate Boyd did not request a witness on his behalf.

26. Investigator's Comments And Conclusions
Based on section 11 of this report and the supportive memorandums from Officers' Charo and Schmale, I find this report to be true, accurate and the charges valid.

27. Action Taken

Inmate Boyd will remain in the Special Housing Unit and this report is being referred to UDC for disposition.

Date And Time Investigation Completed _August 28, 2004 (9:50pm)_

Printed Name/Signature Of Investigator _G. Gonzalez_

_____ Activities Lieutenant _____
Signature                    Title

1111111

BP-S294.052 NOTICE OF DISCIPLINE HEARING BEFORE THE (DHO) CDFRM
MAY 94

**U.S. DEPARTMENT OF JUSTICE** **FEDERAL BUREAU OF PRISONS**

FCI THREE RIVERS
Institution

DATE: 08-31-2004

TO: BOYD, Anthony        Reg. No.: 42603-054

ALLEGED VIOLATION(S): Assault / Threatening Another with Bodily Harm / Insolence

Code No(s): 224 / 203 / 312

DATE OF OFFENSE: 08-28-2004

You are being referred to the DHO for the above charge(s).
**Next Available Docket**
The hearing will be held on: _____, at 8:00 AM, at the following location: FCI Three Rivers Special Housing Unit.

You are entitled to have a full-time staff member represent you at the hearing. Please indicate below whether you desire to have a staff representative, and if so, his or her name.

I (do) X (do not) __ wish to have a staff representative.
If so, the staff representative's name is: R. Gonzalez, Counselor

You will also have the right to call witnesses at the hearing and to present documentary evidence in your behalf; provided, calling your witnesses will not jeopardize institutional safety. Names of witnesses you wish to call should be listed below.
Briefly state to what each proposed witness would be able to testify.
I (do) __ (do not) __ wish to have witnesses.

NAME: _____ Can Testify to: _____

NAME: _____ Can Testify to: _____

NAME: _____ Can Testify to: _____

The Discipline Hearing Officer will call those witnesses (Staff or Inmate) who are reasonably available, and who are determined by the DHO to have information relevant to the charge(s). Repetitive witnesses and repetitive character references need not be called. Unavailable witnesses may be asked to submit written statements.
If additional space is needed, use the reverse side of this form. Date, sign, and return this form to the DHO.

DATE: 08-31-2004    SIGNATURE: X _____

Notice of hearing before DHO given inmate BOYD, Anthony    by L. Farias, CSW

08-31-2004  1:20 pm        L Farias /
Date/Time             Staff Printed Name/Signature

BP-S293.052  **INMATE RIGHTS AT DISCIPLINE HEARING**  CDFRM
MAY 94
U.S. DEPARTMENT OF JUSTICE                                FEDERAL BUREAU OF PRISONS

Institution:

As an inmate charged with a violation of Bureau of Prisons rules or regulations referred to the Discipline Hearing Officer (DHO) for disposition, you have the following rights:

1. The right to have a written copy of the charge(s) against you at least 24 hours prior to appearing before the Discipline Hearing Officer;

2. The right to have a full-time member of the staff who is reasonably available to represent you before the Discipline Hearing Officer;

3. The right to call witnesses (or present written statements of unavailable witnesses) and to present documentary evidence in your behalf, provided institutional safety would not be jeopardized;

4. The right to present a statement or to remain silent. Your silence may be used to draw an adverse inference against you. However, your silence alone may not be used to support a finding that you committed a prohibited act;

5. The right to be present throughout the discipline hearing except during a period of deliberation or when institutional safety would be jeopardized. If you elect not to appear before the DHO, you may still have witnesses and a staff representative appear on your behalf;

6. The right to be advised of the DHO's decision, the facts supporting that decision, except where institutional safety would be jeopardized, and the DHO's disposition in writing; and,

7. The right to appeal the decision of the DHO by means of the Administrative Remedy Procedure to the Regional Director within 20 calendar days of notice of the DHO's decision and disposition.

I hereby acknowledge that I have been advised of the above rights afforded me at a hearing before the Discipline Hearing Officer. I have further been advised that if I have previously received either a presumptive or effective parole date from the Parole Commission, a finding by the DHO that I committed the prohibited act(s) may result in a rescission or retardation by the Parole Commission of the presumptive or effective parole date.

Signed: BOYD, Anthony                    Reg. No.: 42603-054  Date: 08-31-2004

Inmate Signature: _X_____

Notice of rights given to inmate (Date/time): 08-31-2004

by: L. Farias, CSW
                Staff Printed Name/Signature

1



**United States Government Memorandum**
**Correctional Services**
**F.C.I. Three Rivers**

Date: 08-28-2004

Reply to the
Attention of: C. Schmale   Senior Officer

To:   T. Watson   Operations Lieutenant

Subject: Inmate Boyd, Anthony #42603-054

On August 28, 2004 at approximately 5:30pm, while Inmate Boyd, Anthony Reg. #42603-054 was escorted from the Lt. Office to the Special Housing Unit, I observed inmate Boyd pulling his shoulder away from Lt. Watson and pushing back towards Lt. Watson and striking him with his rowing shoulder into Lt. Watson's chest area. Inmate Boyd stated to Lt. Watson: "What the fuck are you going to do about that you fucking bitch?" Lt. Watson continued to escort inmate Boyd toward the Special Housing Unit. While escorting the inmate past the Medical Department Ambulance Cart, inmate Boyd kicked to the rear, missing Lt. Watson and striking the Ambulance Cart. Inmate Boyd jumped and kicked again at a window located outside the Special Housing Unit Sally port area. At this time I called for Control to open the outer SHU door for staff and one inmate and inmate Boyd was escorted into the Special Housing Unit. Inside Special Housing inmate Boyd stated to staff: "Why don't you take off these fucking cuffs and let's go at it." Inmate Boyd also stated: "I'm getting the fuck out of here in two fucking months anyway and then we'll see what the fuck is going to happen to your bitch ass."





U.S. Department of Justice

Federal Bureau of Prisons

P.O. Box 4000
Three Rivers, Texas 78071

August 28, 2004

MEMORANDUM FOR   Daryl Mayne, Captain

FROM                 David Charo, Senior Officer

THRU                 T. Watson, Operations Lieutenant

SUBJECT           Inmate Boyd, Anthony #42603-054

     While assigned as the compound #2 officer on August 28, 2004 at approximately 5:30pm, myself and Compound #1 Officer C.Schmale were checking ID's making sure inmates were going through the Metal Detector. As Inmate Boyd, Anthony #42603-054 walked through, the Metal Detector went off. Officer Schmale called inmate Boyd back and asked the inmate to remove his boots and walk through the metal detector again. The Inmate then stated to Officer Schmale: "I ain't got time to fucking be playing games with your bitch ass, this is fucking stupid I should just knock you the fuck out". At that time Officer Schmale gave inmate Boyd multiple orders which the inmate refused. At that time the Operations Lieutenant was notified, and the inmate was escorted to the Lt. Office where he was cuffed by Lt. Watson. As inmate Boyd was being escorted down to Special Housing the inmate became very aggressive and assaultive by throwing his shoulder towards the Lieutenant and striking him in the chest. At that time the inmate stated " What the fuck are you going to do about that you fucking bitch". The Lieutenant continued to escort the inmate to special housing. As the inmate was being escorted by medical the inmate kicked his legs to the rear missing the lieutenant and hitting the medical cart. After that the inmate jumped and kicked the window of medical closest to the special housing entrance. Once the inmate was escorted into special housing the inmate continued to use profanity towards staff.





Federal Correctional Institution Three Rivers
## PHOTO SHEET
FORM PREPARED BY: FEDERAL CORRECTIONAL INSTITUTION THREE RIVERS, TEXAS, LIEUTENANT'S OFFICE
PHOTOGRAPHS TAKEN BY: T. Watson, Operations Lieutenant, FCI Three Rivers

Date: 8-28-04   Time: 6:45PM   Location: Special Housing Unit
Inmate Involved: Boyd, Anthony   Number: 42603-054


Photo #1 Inmate Boyd in the shower, refusing to come out for medical assessment. Injury- mild bruise on right wrist.


Photo #2 Inmate Boyd in the shower exposing his right arm out illustrating his right wrist injury of a mild bruise.


Photo #3 Inmate Boyd in the shower, front photo of inmate.

U.S. DEPARTMENT OF JUSTICE  
Federal Bureau of Prisons

INMATE INJURY ASSESSMENT AND FOLLOWUP  
(Medical)

| 1. Institution | 2. Name of Injured | 3. Register Number |
|---|---|---|
| FCI-TRV | Boyd, Anthony | 42603-054 |

| 4. Injured's Duty Assignment | 5. Housing Assignment | 6. Date and Time of Injury |
|---|---|---|
| Comp Side AM | JW A | 08/28/04 1755 |

| 7. Where Did Injury Happen (Be specific as to location) | Work Related? | 8. Date and Time Reported for Treatment |
|---|---|---|
| Compound | ☐ Yes ☒ No | 08/28/04 1830 |

**9. Subjective:** (Injured's Statement as to How Injury Occurred)(Symptoms as Reported by Patient)

"My wrist is fucked up."

Assessment requested per Ops Lt. — Refused/uncooperative  
_Signature of Patient_

**10. Objective:** (Observations or Findings from Examination)  
Ambulatory. No distress. Very uncooperative. c/o "my arm is fucked up" Mild to Ø edema to outside of (R) wrist. No ecchymosis. No break in skin. Skin warm and dry. Radial pulse 2+. Cap refill ≤ 2 sec. ROM → Full ROM

X-Rays Taken ____  Not Indicated X  
X-Ray Results

**11. Assessment:** (Analysis of Facts Based on Subjective and Objective Data)  
Mild edema (R) wrist

**12. Plan:** (Diagnostic Procedures with Results, Treatment and Recommended Follow-up)  
No treatment; F/U as needed sick call.

**13. This Injury Required:**  
☒ a. No Medical Attention  
☐ b. Minor First Aid  
☐ c. Hospitalization  
☐ d. Other (explain)  
☐ e. Medically Unassigned  
☐ f. Civilian First Aid Only  
☐ g. Civilian Referred to Community Physician

_Signature of Physician or Physician's Assistant_

Mild edema (swelling)



Canary - Safety  
Pink - Work Supervisor (Work related only)  
Goldenrod - Correctional Supervisor

BP-362(60)