UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Anthony Boyd,<br>　　　　Plaintiff,<br><br>　　v.<br><br>Harley Lappin, B.O.P.<br>Director; Ronald G.<br>Thompson, South Central<br>Regional Director; and<br>C. Bickle, Disciplinary<br>Hearing Officer,<br>　　　　Defendants. | Civil Action No. 06-1596(ESH)<br><br>**RECEIVED**<br>APR 0 9 2007<br>NANCY MAYER WHITTINGTON, CLERK<br>U.S. DISTRICT COURT |

Plaintiff's Opposition to Defendant's Motion to Dismiss Complaint, or in the Alternative, to Transfer Venue

　　Plaintiff Anthony Boyd, pro se, respectfully submits this motion to allow this Bivens action to proceed in this Court.

## Argument

I. Jurisdiction and Venue are proper in this Court.

　　Defendants argue that there is no personam jurisdiction. However, the crux of this civil action is against Mr. Harley Lappin whom as the Director of the Federal Bureau of Prisons Central Office

located in Washington, D.C. has devised a scheme in which Plaintiff had absolutely no due process rights before, during and after the proceedings before the Disciplinary Hearing Officer (hereafter D.H.O.). Once the D.H.O. rules on a prison infraction only the Regional Office (in this case, located in Dallas, Texas) or finally the Central Office may reverse a D.H.O. ruling. Therefore, at the apex of this scheme Mr. Lappin bears the brunt of this Bivens action making jurisdiction and venue proper in this Court.

II. Service Can Still Be Perfected.

Federal Rules of Civil Procedure, Rule 4. Summons (c) Service with Complaint; by whom made (2) states in part; "... the Court may direct that service be effected by a U.S. marshal, deputy U.S. marshal, or other person or officer specially appointed by the Court for that purpose. Such an appointment must be made when the plaintiff is authorized to proceed in forma pauperis pursuant to 28 U.S.C. 1915..."

I interpreted Rule 4. Summons (c)(2) to mean the court would direct service in the defendant's individual capacities as well. I have only served one copy of this Motion on the U.S. Attorney's Office for all 3 defendants. Please direct me as to proper service as I do not have any of the defendant's home addresses.

## III. Plaintiff Has Stated A Claim Upon Which Relief Can Be Granted.

Bureau of Prisons Director Harley Lappin has created a system in which Plaintiff, although completely innocent of any assault, couldn't make a viable challenge at the disciplinary hearing or on the administrative remedy #370501 which he and Ronald G. Thompson (Southeast Region) both denied. I requested reinstatement of the 243 good conduct days all taken by D.H.O. Bickle.

1. My staff representative, Mr. Gonzalez, was not allowed to view the videotape of this fabricated assault so he could testify at my D.H.O. proceedings as to what actually transpired.
2. This videotape was my entire defense as 8 corrections officers lied about the actual events.
3. Plaintiff did not admit to D.H.O. Bickle that he committed assault.

Since Plaintiff has no right to view prison videotapes and once the assault charges resulted in a criminal prosecution the prison still refused to comply with pretrial discovery requests and present the videotapes to the defense. However, at the close of the government's case the Honorable John D. Rainey ordered the prison officials to disclose the videotapes to the defense which clearly showed that the Plaintiff did not assault anyone but was the victim of an assault. After 10 minutes of deliberations the jury acquitted Plaintiff, not because the evidence was insufficient but because I was innocent and the guards committed perjury.

-3-

Mr. Harley Lappin is liable for creating this system. Both him and Ronald G. Thompson are liable for their omissions with regards to my appeal in this matter which has violated my Fifth Amendment Due Process Rights.

IV. Defendants Are Not Entitled To Qualified Immunity.

All 3 defendants are culpable for their roles. $1,000,000.00 apiece from Mr. Harley Lappin and Ronald G. Thompson is appropriate and $100,000.00 from C. Bickle is adequate compensation for my loss of good time, stress, and mental suffering. This is a case of first impression, the cases cited by Defendants, Wolf v. McDonnell, 418 U.S. 539 (1974) and progeny are distinctly different from this case.

I, Anthony Boyd, certify under the penalty of perjury pursuant to 28 U.S.C. 1746 that the foregoing is true and correct.

Dated: April 03, 2007.

Respectfully,

Anthony Boyd
Anthony Boyd
#42603-054
P.O. Box 305
Jonesville, VA 24263-0305

-4-