UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| ANTHONY BOYD, | ) |
| Plaintiff, | ) |
| v. | ) Civil Action No. 06-01596 (ESH) |
| HARLEY LAPPIN, Director, Bureau of Prisons, *et al.*, | ) |
| Defendants. | ) |

### MEMORANDUM OPINION

*Pro se* plaintiff Anthony Boyd is a federal offender currently confined at the United States Penitentiary in Jonesville, Virginia. He brings this action under *Bivens v. Six Unknown Named Agents of the Federal Bureau of Investigation*, 403 U.S. 388 (1971), against Harley Lappin, director of the Bureau of Prisons ("BOP"), Ronald G. Thompson, director of BOP's South Central Region, and C. Bickle, a disciplinary hearing officer at the Federal Correctional Institution ("FCI") in Three Rivers, Texas.[1] Defendants have filed a motion to dismiss and, pursuant to Federal Rule of Civil Procedure 12(b)(1), the motion will be granted.

Plaintiff contends that his Fifth Amendment due process rights were violated when, while confined at FCI Three Rivers, he was disciplined for conduct of which he was later acquitted in

---

[1] Plaintiff makes clear that he is suing defendants in their individual capacities. (*See* Opp. at 2.) Plaintiff cannot seek damages from defendants in their official capacities, because plaintiff's complaint contains "no colorable basis" upon which the Court can find a waiver of sovereign immunity. *Marshall v. Reno*, 915 F. Supp. 426, 434 (D.D.C. 1996).

federal court. (Cmpl. at 2.)[2] The precise contours of plaintiff's constitutional claim are unclear. Liberally construing his complaint and opposition,[3] he can be understood to allege (1) that Bickle violated due process by imposing disciplinary sanctions against him for having assaulted compound officers, when there was insufficient evidence to find assault and when a federal jury later acquitted plaintiff of the same conduct; (2) that Thompson and Lappin violated due process by upholding Bickle's decision on appeal; and (3) that Lappin violated due process by adopting a policy that prevents prisoners from viewing prison videotapes in preparation for disciplinary proceedings. (*See* Cmpl. at 1–2; Opp. at 1–4.) As relief, plaintiff requests the restoration of good-time credits that he lost as a disciplinary sanction, damages of $1,000,000 each against Thompson and Lappin, and damages of $1,000,000 against Bickle. (Cmpl. at 2.)

The D.C. Circuit has held that "claims challenging prison disciplinary procedures necessarily imply the invalidity of the loss of good-time credits as part of the punishment imposed." *Farmer v. Hawk*, No. 98-5100, 1999 WL 414252, at *1 (D.C. Cir. June 14, 1999) (per curiam denial of rehearing en banc); *see also Farmer v. Hawk*, No. 98-5100, 1999 WL 151414, at *1 (D.C. Cir. Feb. 3, 1999) (per curiam panel decision) (explaining that the above principle applies even when plaintiffs do not expressly request the restoration of good-time credits). Therefore, under *Heck v. Humphrey*, 512 U.S. 477 (1994), and *Edwards v. Balisok*, 520 U.S. 641 (1997), such claims are not cognizable under *Bivens*. *E.g.*, *Farmer*, 1999 WL 414252, at *1.

---

[2]Citations to the complaint are by page number because plaintiff does not use numbered paragraphs.

[3]"This Court must construe *pro se* filings liberally and will consider potential claims raised for the first time in an opposition to the defendant's motion to dismiss as constituting valid amendments to [his] original complaint." *Zellars v. United States*, No. 05-1670, 2006 WL 1050673, at *3 n.2 (D.D.C. April 20, 2006).

Accordingly, "[s]uch [claims] may properly be dismissed for lack of jurisdiction under Rule 12(b)(1)." *Best v. Kelly*, 39 F.3d 328, 330 (D.C. Cir. 1994).

Here, plaintiff's due process claims, if successful, would "lead necessarily to restoration of [his] good-time credits and hence the shortening of [his] sentence." *Wilkinson v. Dotson*, 544 U.S. 74, 84 (2005). Accordingly, plaintiff cannot bring a *Bivens* action unless he first brings a habeas action that successfully invalidates his disciplinary proceedings and the loss of his good-time credits.[4] *See, e.g.*, *Farmer*, 1999 WL 151414, at *1 ("Appellants are not entitled to relief without showing that the judgment against them has been reversed, expunged, or otherwise declared invalid.").

For the foregoing reasons, the Court will grant defendants' motion to dismiss and dismiss this case without prejudice pursuant to Rule 12(b)(1).[5] An appropriate order accompanies this Memorandum Opinion.

s/<br>
ELLEN SEGAL HUVELLE<br>
United States District Judge

Date: April 18, 2007

---

[4] Because plaintiff is not confined in the District of Columbia, he cannot bring such a habeas action here but must do so in the jurisdiction where he is confined. *See Rumsfeld v. Padilla*, 542 U.S. 426, 443 (2004) ("[F]or core habeas petitions challenging present physical confinement, jurisdiction lies in only one district: the district of confinement.").

[5] In light of the Court's decision to dismiss this case under Rule 12(b)(1), it is not necessary to consider defendants' alternative arguments for dismissal.